**Schoffstall v. Nationwide Insurance Co.**

C.P. of York County, no. 94-SU-04190-04.

*James D. Greenberg,* for plaintiff.
*Lee E. Ullman,* for defendant.
*Peter D. Solymos* and *Robert H. Davis Jr.,* for deponent.

THOMPSON, *J.,* November 9, 1999—Before the court for disposition are the objections of deponent, Ellen G. Gewen, Esq., to questions posed to her by the plaintiff during a deposition conducted on July 13, 1999. Ms. Gewen is a former employee of the defendant Nationwide Insurance Company. The present deposition was permitted to proceed with certain limitations by the opinion and order of Judge Richard H. Horn, filed on October 27, 1998, in response to the defendant's motion to quash.

The question before us presently is the scope of Judge Horn's opinion and order. The deponent and the defendant contend that Judge Horn's opinion and order prohibit the plaintiff from discovering information which Ms. Gewen may or may not have been privy to during her representation of Nationwide in her handling of bad faith claims. The plaintiff contends that Judge Horn's opinion and order cannot be read that narrowly. After a careful reading of the opinion and order, we conclude that it does prevent the plaintiff from inquiring into several of the areas outlined in their letter to chambers dated July 29, 1999.[1]

---

1. All correspondence sent directly to chambers in connection with the present issue will be filed contemporaneously with the filing of this memorandum and order.

Judge Horn's opinion and order limited the plaintiff to the two following specific areas of inquiry. First, does the testimony of Jay Carlin, Esquire, regarding the philosophy/intent of Nationwide managers who handle commercial lines of insurance, apply to managers who handled personal lines of insurance during the time of the *Hannigan v. Schoffstall* case? Secondly, has Nationwide at any time attempted to influence or suppress any testimony by Ellen B. Gewen, Esquire? After a careful review of the deposition transcript it is clear that Ms. Gewen has answered the questions related to these two areas. Questions number 2 through 7 posed by the plaintiff as outlined in his letter to chambers are clearly an attempt to obtain information which Ms. Gewen would have obtained in confidence as an attorney representing Nationwide in connection with bad faith claims. There is no question that this information would be protected by the attorney-client privilege and/or the work product doctrine and that it was intended to be excluded by Judge Horn's opinion and order.

Only the first question posed by the plaintiff in their letter to chambers is relevant to Judge Horn's area of allowable inquiry. The first question delves into the area of the payment of attorney's fees. If Nationwide is in fact paying Ms. Gewen's counsel fees in connection with this litigation, it may be some evidence that Ms. Gewen was offered something of value to influence or suppress her testimony. Whether or not this information would be relevant and admissible at trial is another matter. On this question, the plaintiff will not be permitted to depose Ms. Gewen further, rather the answer to this question and this question alone may be obtained by interrogatory.

An appropriate order consistent with the foregoing follows.

## ORDER

And now, to wit, November 9, 1999, for the reasons set forth in the foregoing opinion, it is hereby ordered as follows:

(1) Objections 2-7 raised in the plaintiff's letter to chambers dated July 29, 1999 will be sustained.

(2) We will permit question 1 raised in plaintiff's letter to chambers dated July 29, 1999 to be answered by a single interrogatory. The interrogatory will ask verbatim the question asked at page 21 line 21 of the deposition of Ellen B. Gewen, Esq., taken on July 13, 1999. To avoid confusion the question is "[w]ho is paying your bill for legal services associated with Mr. Solymos's representation of you in this matter."

(3) Ms. Gewen will not be subject to further depositions or interrogatories by the plaintiff in this matter.

(4) The prothonotary shall serve a copy of this memorandum and order on counsel as required by law.